UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS REYNOLDS,

      Plaintiff,                                            Civil Action No.
                                                                   08-CV-14909

vs.

                                                                   PAUL D. BORMAN
CITY OF DETROIT and DETROIT POLICE     UNITED STATES DISTRICT JUDGE
OFFICER DARRYL RANDALL,

      Defendants.
_____/

**OPINION AND ORDER
(1) DENYING DEFENDANT RANDALL'S MOTION TO DISMISS,
(2) GRANTING PLAINTIFF'S EX PARTE MOTION TO AMEND CASE CAPTION,
(3) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT,
(4) CANCELLING UPCOMING HEARING, and
(5) REVISING SCHEDULING ORDER**

**I. INTRODUCTION**

This case charges in the first count a civil rights violation under 42 U.S.C. § 1983 with a pendant state law assault and battery claim in count two. Plaintiff Nicholas Reynolds alleges that he was assaulted and battered by Defendant Detroit Police Officer Darryl Randall while being processed, following arrest on domestic violence charges.

This action was originally brought in Wayne County Circuit Court on October 28, 2008, and timely removed to this Court on November 24, 2008.

The unpaginated "Complaint and Demand for Jury Trial," consisting of three pages, lists as Defendant "Detroit Police Officer Darryl Randall." However, the initial paragraph states that the Complaint is "against Officer Darryl Randall and the Detroit Police Department." Since the

1

initiation of this case, both Plaintiff Reynolds and Defendant Randall have passed away under circumstances not related to this case.

Plaintiff's counsel states that an estate was established on behalf of Plaintiff on April 15, 2009, and he has filed documentation establishing that former state judge James C. McCann has been appointed personal representative of Plaintiff's estate.

On December 15, 2009, Defendant City of Detroit filed a Motion to Dismiss Detroit Police Officer Darryl Randall, arguing that the claims against Defendant Randall must be dismissed because neither party has timely moved for substitution of a proper party for the individual defendant following his death. Defendant asserts "[t]hat pursuant to FRCP 25(a) the action against Defendant Randall must be dismissed."

On December 1, 2009, Plaintiff filed an "Ex Parte Motion to Amend Case Caption" from "Nicholas Reynolds" to "the Estate of Nicholas Reynolds." This filing does not address Defendant's motion regarding Plaintiff's failure to substitute a proper party for the individual defendant.

The Court heard oral argument with respect to Plaintiff's Ex Parte Motion to Amend Case Caption on December 22, 2009, and the Court will decide Defendant City of Detroit's Motion to Dismiss without oral argument pursuant to E.D. Mich. LR 7.1(e)(2).[1] For the reasons that follow, Defendant's Motion to Dismiss will be denied, Plaintiff's Ex Parte Motion to Amend Case Caption will be granted, and Plaintiff's Motion for Default Judgment will be denied as moot.

## II. LAW

Fed. R. Civ. P. 25(a) governs substitution following the death of a party and reads, in

---

[1] The Court will also decide Plaintiff's Motion for Default Judgment without oral argument pursuant to E.D. Mich. LR 7.1(e)(2).

pertinent part, as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. <u>If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed</u>.

(Emphasis added). As stated by Wright and Miller, "[a] motion for substitution must be made not later than 90 days after service of a statement noting the death. If there is no motion for substitution made within the 90-day period, Rule 25(a)(1) provides that the action 'must be dismissed.'" 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1955, pp. 679-680 (3d 2007) (footnote omitted). However, the treatise states:

> [d]ismissal is not mandatory, despite the use of the word 'must' in the amended rule . . . . [T]he court may extend the period for substitution if a request is made before the expiration of the 90-day period. The court also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect, although an extension of time also may be refused if the court finds the reasons for the delay to be inexcusable.

*Id*. at pp. 682-684 (footnote omitted).

### III. ANALYSIS

The crucial issue in the present case is when the 90-day clock began ticking, if at all. According to Wright and Miller,

> the time does not run until the death is noted on the record by service of a statement of the fact of death, and there is no particular time period within which that statement must be made after the death occurs. The statement noting the death must be in writing and identify the representative to be substituted, and it must be served on the parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons.

*Id*. at pp. 676-678 (footnotes omitted). "The law is well settled that the Suggestion of Death must

3

identify the successor or representative of the deceased." *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995). *See also Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (for suggestion of death to be valid and invoke 90-day limit for filing of motion for substitution, it must identify successor or representative who may be substituted for decedent).

Plaintiff's December 1, 2009, unpaginated Ex Parte Motion to Amend Case Caption reads, in its entirety,

> **NOW COMES** Plaintiff NICHOLAS REYNOLDS, by and through his attorney LONGSTREET LAW FIRM and shows the Honorable Court as follows:
>
> 1. That the within action was filed on October 28, 2008.
>
> 2. That on or about March 2009, Plaintiff Nicholas Reynolds was murdered in the City of Detroit.
>
> 3. That on or about April 14, 2009 a probate estate was established on behalf of Plaintiff Nicholas Reynolds in the Third Circuit Court, Wayne County Michigan.
>
> **WHEREFORE** Plaintiff prays that this Honorable Court enter an order allowing Plaintiff to amend case caption to properly name the Plaintiff The Estate of Nicolas [sic] Reynolds.

The one sentence, one page brief is captioned "Brief in Support of Motion to Compel Discovery." There is no "Motion to Compel Discovery." The "Brief in Support" of Plaintiff's motion reads, in its entirety, "Plaintiff relies on Local Rule of Civil Procedure and case law in support of his Motion to Amend Case Caption." Plaintiff's brief is definitely brief. It is also inept! There is no such thing as "Local Rule of Civil Procedure," and Plaintiff cites no case law to support the motion.

Defendant City of Detroit's response states in pertinent part:

> 3. The corresponding paragraph is neither admitted nor denied for the reason that no proof of establishment of a probate estate was attached to this Motion (Docket Number 24).

> 4. That FRCP 15 provides a party may amend its pleading only with the written consent of the opposing party or leave of the Court.
>
> 5. That concurrence in the motion to amend caption was not sought and is being made long after Plaintiff's counsel became aware of his client's death.
>
> 6. That pursuant to FRCP 25, Plaintiff's motion is untimely because the motion was not made within ninety (90) days of notice to Plaintiff's attorney that his client had died.
>
> 7. That Plaintiff's Motion is improper because it appears to be a motion to name an additional plaintiff rather than a motion for substitution and because the motion does not state who the estate's representative is or will be.
>
> 8. That Plaintiff's motion is undocumented, unsupported and untimely.
>
> WHEREFORE, Defendant, City of Detroit, a municipal corporation, respectfully requests that Plaintiff's motion be denied in its entirety.

Defendant City of Detroit's "Brief in Support," which does not begin on a separate page as required by E.D. Mich. LR 7.1(c)(1)(A), reads, in its entirety, as follows: "In support of its Response, Defendant, CITY OF DETROIT, a municipal corporation, relies on FRCP 15, 25 and all other applicable Court Rules."

### A. Discussion of Plaintiff's Ex Parte Motion to Amend Case Caption

As noted *supra*, "[t]he law is well settled that the Suggestion of Death must identify the successor or representative of the deceased." *Dietrich*, 164 F.R.D. at 222. The first time in which anyone "identif[ies] the representative to be substituted" for Plaintiff was on December 1, 2009, when Plaintiff filed his Ex Parte Motion to Amend Case Caption. It was at this time when notice was first given that Plaintiff's estate would be substituted for Plaintiff. Because the 90-day clock did not start ticking until, at the earliest, December 1, 2009, the same day on which Plaintiff filed

his Ex Parte Motion to Amend Case Caption, the motion is timely and must be granted.

## B. Discussion of Defendant City of Detroit's Motion to Dismiss

Defendant City of Detroit's Motion to Dismiss asks the Court to dismiss all claims asserted against Defendant Randall because 90 days have elapsed since "notification of the individual Defendant's death." However, as discussed above, notification of a party's death is not the event that triggers the 90-day clock. Rather, the triggering event is the filing of a suggestion of death, which "must identify the successor or representative of the deceased." *See Dietrich*, 164 F.R.D. at 222. No such document has been filed in the present case with respect to the substitution of Defendant Randall. To date, no one has, to the Court's knowledge, identified Defendant Randall's successor or representative. Therefore, the 90-day clock governing substitution of Defendant Randall has not started ticking. Further, remaining is Plaintiff's claim against the City of Detroit, which Defendant's pleading acknowledges as a separate defendant. *See* Defendant's Motion to Dismiss Police Officer Darryl Randall and Stipulation and Order to Provide Discovery.

## IV. ORDER

For the reasons stated above,

IT IS ORDERED that Plaintiff's Ex Parte Motion to Amend Case Caption [docket entry 24] is granted. "The Estate of Nicholas Reynolds" is substituted as a party plaintiff for "Nicholas Reynolds." The Clerk of Court shall revise the case caption accordingly.

IT IS FURTHER ORDERED that Defendant City of Detroit's Motion to Dismiss [docket entry 26] is denied. The hearing currently scheduled for March 4, 2010, is cancelled.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment is denied as moot because it was filed by an individual, now known to be deceased, who is no longer a party to this

action.

IT IS FURTHER ORDERED that the scheduling order governing this matter is revised as follows: Discovery cut-off: February 28, 2010; Dispositive motion cut-off: March 28, 2010.

                        s/Paul D. Borman  
                        PAUL D. BORMAN  
                        UNITED STATES DISTRICT JUDGE

Dated: December 28, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 28, 2009.

                        s/Denise Goodine  
                        Case Manager