UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF NICHOLAS REYNOLDS,

                                CASE NO. 2:08-CV-14909
            Plaintiff,        JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

CITY OF DETROIT and
ESTATE OF DARRYL RANDALL,

            Defendants,

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT ESTATE OF DARRYL RANDALL'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 25(a)(1) AND FAILURE TO EFFECTUATE SERVICE ON DEFENDANT ESTATE WITHIN THE TIME PERIOD SET FORTH IN RULE 4(m) (Doc. Ent. 68) and DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS (Doc. Ent. 69)

**I.**    **RECOMMENDATION:**  The Court should deny defendant Estate of Darryl Randall's motion to dismiss for failure to comply with Fed. R. Civ. P. 25(a)(1) and failure to effectuate service on defendant Estate within the time period set forth in Fed. R. CIv. P. 4(m).  Doc. Ent. 68.  Furthermore, the Court should deny without prejudice defendant City of Detroit's motion to dismiss (Doc. Ent. 69).

**II.**    **REPORT:**

**A.**    **Plaintiff's Complaints Were Filed in 2008.**

        Plaintiff Nicholas Reynolds originally filed this case in Wayne County Circuit Court against defendant Darryl Randall, described as a Detroit Police Officer, and the Detroit Police Department.  Doc. Ent. 1 at 5-6.  The facts underlying the complaint stem from an alleged

January 27, 2008 incident, and the causes of action include (I) a violation of 42 U.S.C. § 1983 against individuals and (II) assault and battery. Doc. Ent. 1 at 6-8.

Defendant City of Detroit (Detroit Police Department) removed the case to this Court on November 24, 2008. Doc. Ent. 1 at 1-4. Defendant City of Detroit (Detroit Police Department) filed an answer on November 25, 2008. Doc. Ent. 3.

On December 9, 2008, plaintiff filed an amended complaint against the City of Detroit and Detroit Police Officer Darryl Randall. Doc. Ent. 5. Again, the facts underlying the complaint stem from an alleged January 27, 2008 incident (¶¶ 7-16). The causes of action include (I) Fourth and Fourteenth Amendment violations (¶¶ 17-25) and (II) assault and battery (¶¶ 26-28).

On February 22, 2009, counsel for the parties filed a stipulation to amend the complaint to properly name the City of Detroit as a defendant. Doc. Ent. 7. On February 27, 2009, Judge Borman entered a stipulated order to amend the complaint. It specifically permitted plaintiff to "file an amended complaint that is identical to the first complaint, except the City of Detroit is properly named as a defendant." Doc. Ent. 9. On the same day, Judge Borman entered an ex parte order for substituted service as to defendant Randall. Doc. Ent. 10.

Plaintiff Nicholas Reynolds died on or about March 2009. Doc. Ent. 35 at 1 ¶ 1. On April 15, 2009, James C. McCann was appointed the personal representative of the Estate of Nicholas D. Reynolds, Decedent. Doc. Ent. 29-2, Doc. Ent. 36-2.

On April 20, 2009, defendant Darryl Randall filed an answer to the amended complaint. Doc. Ent. 16. Shortly thereafter, on or about April 28, 2009, defendant Darryl Randall died.

Doc. Ent. 32 at 1 ¶ 1.[1]  On June 24, 2009, Gerrie Randall was appointed the personal

representative of the Estate of Darryl Louis Randall, Decedent.  Doc. Entries 32-2, 33-2.

**B.      The Court Has Ruled Upon Several Dispositive Motions.**

**1.      The Parties' October and December 2009 Dispositive Motions Were Denied.**  On

October 26, 2009, plaintiff filed a motion for default judgment against defendants City of Detroit

and Police Officer Darryl Randall, wherein he alleged that defendants had failed to promptly

produce all outstanding discovery.  Doc. Ent. 21.   On December 1, 2009, plaintiff filed an ex

parte motion to amend the case caption "to properly name the Plaintiff The Estate of Nicolas

Reynolds."  Doc. Ent. 24.  Then, on December 5, 2009, defendant City of Detroit filed a motion

to dismiss Detroit Police Officer Darryl Randall, wherein it requested that the matter be

dismissed as to defendant Randall pursuant to Fed. R. Civ. P. 25(a).  Doc. Ent. 26.

On December 28, 2009, Judge Borman entered an opinion and order which (1) denied the

motion to dismiss Randall (Doc. Ent. 26), (2) granted plaintiff's ex parte motion to amend case

caption (Doc. Ent. 24), and (3) denied as moot plaintiff's motion for default judgment (Doc. Ent.

21).  Doc. Ent. 30.[2]

**2.      Plaintiff's February 2010 Motion for Default Judgment Resulted in an Order that**

**Certain Discovery Be Produced.**  On February 4, 2010, plaintiff filed a motion for default

judgment seeking "an Order for Default Judgment against the Defendants, City of Detroit,

---

[1]On May 7, 2009, plaintiff Nicholas Reynolds filed a response (Doc. Ent. 17) to defendant Darryl Randall's affirmative defenses.

[2]Pursuant to the December 28, 2009 amended scheduling order, the closing date for all discovery and amendments to the pleadings was February 28, 2010, and the due date for dispositive motions was March 28, 2010.  Doc. Ent. 31.

Detroit Police Officer Darryl Randall, for failure produce all outstanding discovery[.]"  Doc. Ent. 37.

On April 23, 2010, Magistrate Judge Scheer entered an order granting in part plaintiff's motion for default judgment.  Specifically, it required certain discovery to be produced.  Doc. Ent. 57.

**3.** **Defendant City of Detroit's March and April 2010 Motions with Respect to the Estate of Darryl Randall Have Been Withdrawn.**  On March 3, 2010, defendant City of Detroit filed a motion for relief from order or, in the alternative, motion to dismiss.  Doc. Ent. 46.  Therein, the City alleges "[t]hat the substitution order (Document Number 34) must be corrected and/or rescinded for the reason that Plaintiff failed to advise the Court that the representative of the Estate of Darryl Randall had not been served and also failed to file a certificate of service in this case[,]" and "[t]hat pursuant to FRCP 25, the Estate of Officer Randall should be dismissed from this case for the reason that the Representative of his estate was never served with a Suggestion of Death or with a motion for substitution in this action." Doc. Ent. 46 ¶¶ 11-12.

On March 4, 2010, defendant City of Detroit filed a motion for protective order.  Doc. Ent. 47.  Therein, the City "requests that this Court enter an Order directing that discovery not be had or, in the alternative, that any Interrogatories be directed to the Personal Representative of the Estate of Darryl Randall or its attorney or, in the alternative, that this matter be dismissed." Doc. Ent. 47 at 3.

On April 13, 2010, defendant City of Detroit filed a motion to dismiss the Estate of Darryl Randall.  Doc. Ent. 54.  Therein, the defendant City of Detroit argued that "[t]he motion

for substitution was not made by decedent's successor or representative. The motion that was filed was never properly served." Doc. Ent. 54 at 5.

On July 27, 2010, Judge Borman entered a stipulated order to withdraw these three motions. Doc. Ent. 67.

**C.     Defendants Filed the Currently Pending Dispositive Motions in August 2010.**

Currently before the Court is a motion by defendant Gerri Randall, as the personal representative of the Estate of Darryl Randall, to dismiss for failure to comply with Fed. R. Civ. P. 25(a)(1) and failure to effectuate service on defendant Estate within the time period set forth in Fed. R. Civ. P. 4(m). Doc. Ent. 68. Also before the Court is defendant City of Detroit's August 6, 2010 motion to dismiss on the basis that it "is governmentally immune from liability and Plaintiff has done nothing to perfect a claim against this Defendant." Doc. Ent. 69 at 2 ¶ 3.

Judge Borman has referred these motions to me for entry of a report and recommendation. Doc. Ent. 70.[3] On October 5, 2010, plaintiff filed a request for hearing on these motions. Doc. Ent. 71. However, on October 22, 2010, I entered an order denying plaintiff's October 5, 2010 request for hearing. In that order, I directed plaintiff to file any responses to defendants' dispositive motions (Doc. Entries 68 and 69) no later than November 15, 2010. I further noted that I would issue a report and recommendation based on the papers without conducting a hearing. E.D. Mich. LR 7.1(f)(2) ("The court will hold a hearing on all other motions unless the judge orders submission and determination without hearing.").

To date, plaintiff has not filed a response to either motion.

---

[3]This case was originally assigned to Magistrate Judge Donald A. Scheer. However, on August 17, 2010, it was reassigned to me.

**D.     The Court Should Deny the Pending Motions to Dismiss.**

**1.     Defendants' August 2010 Motions to Dismiss Are, Technically, Unopposed, and plaintiff's last substantive filing was his June 3, 2010 amended response (Doc. Ent. 62) .**

**a.**     As an initial matter, I note that plaintiff's counsel, Charles Oliver Longstreet, II, was not admitted to the Eastern District of Michigan when this case was removed from Wayne County Circuit Court to this Court.  Doc. Ent. 4 at 1 (Notice of Non-Admission of Attorney 11/26/2008).  However, it appears that this was cured without delay, because plaintiff's December 9, 2008 amended complaint (Doc. Ent. 5) was filed electronically by attorney Longstreet.[4]  Beginning with the February 23, 2010 list of unresolved issues (Doc. Ent. 44), attorney Longstreet started to file documents on behalf of the Estate of Nicholas Reynolds.[5]

On June 29, 2010, attorney Longstreet filed a notice of appearance on behalf of plaintiff the Estate of Nicholas Reynolds.  Doc. Ent. 63.  On June 30, 2010, Magistrate Judge Scheer conducted a status conference; however, attorney Longstreet did not appear.  That same day, Magistrate Judge Scheer entered an order requiring attorney Longstreet "to show cause, if any there be, why he should not be held in contempt for his failure to comply with the May 27, 2010 Orders [Doc. Entries 60 and 61] to Appear."  Doc. Ent. 64.

---

[4]Attorney Longstreet electronically filed several documents on behalf of plaintiff Nicholas Reynolds (Doc. Entries 5, 6, 7, 8, 11, 17, 19, 21, 24, 29, 32, 33, 35, 36 and 37), as well as the March 16, 2009 request for summons for Nicholas Reynolds and the March 25, 2009 request for summons for Darryl Randall.

[5]*See also* Doc. Entries 45, 50, 51, 58, 62, 63 and 71.

The show cause hearing was conducted on July 7, 2010. Attorney Longstreet was not found in contempt, and defendant was to submit a supplemental dispositive motion by August 6, 2010.[6]

**b.**     It is not clear why plaintiff has failed to respond to the pending August 5, 2010 motion to dismiss by defendant Estate of Darryl Randall (Doc. Ent. 68) and the August 6, 2010 motion to dismiss by defendant City of Detroit (Doc. Ent. 69). Clearly, by virtue of the October 5, 2010 request for hearing (Doc. Ent. 71), plaintiff is aware of these motions. Also, plaintiff's counsel's electronic mail address listed on the docket matches the address listed for him in the State Bar of Michigan Member Directory.

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Ordinarily, plaintiff's responses to defendants' dispositive motions would have been due within twenty-one (21) days of service of the motion. E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). However, my October 22, 2010 order permitted plaintiff until November 15, 2010 by which to file responses. Doc. Ent. 72.

Plaintiff having failed to file a response to either pending dispositive motion, defendants' August 2010 motions to dismiss are, technically, unopposed. Even so, I will review plaintiff's December 9, 2008 amended complaint and the merits of defendants' motions to dismiss before making a recommendation to the Court. *See, i.e., Farris v. Morgan Stanley Dean Witter Credit Corp.*, No. 08-11851, 2010 WL 3023808, 1 (E.D. Mich. July 29, 2010) (Rosen, J.) (in an order

---

[6]On July 16, 2010, attorney Joel B. Sklar filed a limited appearance for the limited purpose of filing a motion to dismiss on behalf of Gerri Randall, as the Personal Representative of the Estate of Daryl Randall, deceased. Doc. Ent. 65.

granting defendants' motion to dismiss and/or for summary judgment, this Court stated,

"Plaintiff has failed to file a response. Having reviewed Defendants' brief in support of the motion and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process.") (internal footnote omitted).

**c.**     Furthermore, the Court is not convinced that plaintiff's failure to file responses to these motions as permitted by my October 22, 2010 order (Doc. Ent. 71) warrants an involuntary dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute. This rule provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

Setting aside the June 29, 2010 notice of appearance (Doc. Ent. 63) and the October 5, 2010 request for hearing (Doc. Ent. 71), the last substantive filing by plaintiff was his June 3, 2010 amended response (Doc. Ent. 62) to defendant City of Detroit's April 13, 2010 motion to dismiss the Estate of Darryl Randall (Doc. Ent. 54). Still, as set forth below, I have applied some of the arguments plaintiff presented in the June 3, 2010 filing (Doc. Ent. 62) in my analysis of the defendants' August 2010 motions to dismiss (Doc. Entries 68 and 69).

**2.     The Court should deny defendant Estate of Darryl Randall's August 5, 2010 Motion to Dismiss (Doc. Ent. 68).**

**a.**     As an initial matter, it is helpful to review procedural matters which took place following the March 2009 death of plaintiff Nicholas Reynolds and the April 2009 death of defendant Darryl Randall.

On December 15, 2009, by attachment to a motion to dismiss, defendant City of Detroit served plaintiff's counsel with a copy of the Detroit Police Department's April 29, 2009 death notification for Darryl Randall.  Doc. Ent. 26-3.  On January 5, 2010, plaintiff filed a motion for substitution of a party.  Specifically, the motion sought to substitute "The Estate of Detroit Police Officer Darryl Randall" for "Detroit Police Officer Darryl Randall."  Doc. Ent. 32.  *See also* Doc. Ent. 33 (Suggestion of Death).  The motion for substitution and the suggestion of death were served upon attorney Marion Jenkins.  Doc. Ent. 32 at 4, Doc. Ent. 33 at 2.  On January 7, 2010, Judge Borman entered an order substituting defendant Darryl Randall with the Estate of Darryl Randall.  Doc. Ent. 34.

On February 4, 2010, plaintiff filed a motion for substitution of a party.  Specifically, the motion sought to substitute "The Estate of Nicholas Reynolds" for "Nicholas Reynolds"  Doc. Ent. 35.  *See also* Doc. Ent. 36 (Suggestion of Death).  The motion for substitution and the suggestion of death were served upon attorney Marion Jenkins.  Doc. Ent. 35 at 4, Doc. Ent. 36 at 2.  On February 10, 2010, Judge Borman entered an order substituting plaintiff Nicholas Reynolds with the Estate of Nicholas Reynolds.  Doc. Ent. 39.

Plaintiff was originally represented by attorney Longstreet.  Doc. Ent. 1 at 5.  On or about April 26, 2009, McCann authorized attorney Longstreet to represent the Estate of Nicholas

Reynolds in this matter. Doc. Ent. 62-2 ¶ 2. On May 29, 2009, McCann agreed to have attorney Longstreet continue to represent the Estate of Nicholas Reynolds. Doc. Ent. 62-2 ¶ 3.[7]

On the other hand, representation of defendant Randall has changed during the course of this proceeding. In the beginning, defendant Randall was represented by attorney Marion Jenkins. In fact, defendant Randall's April 20, 2009 answer (Doc. Ent. 16) was filed by attorney Marion Jenkins, but noted that counsel "reserve[d] the right to withdraw as defense counsel in the event the individual Defendant's representation request is not approved by the Detroit City Council[.]"[8] On July 16, 2010, attorney Sklar entered a limited appearance "for Daryl Randall, for the limited purpose of filing a Motion to Dismiss on behalf Gerri Randall, as the Personal Representative of the Estate of Daryl Randall, deceased," Doc. Ent. 65.

**b.**     Defendant Estate of Darryl Randall's August 5, 2010 motion to dismiss is based upon Fed. Rules Civ. P. 4(m) and 25(a)(1). Doc. Ent. 68 at 1, 5. Fed. R. Civ. P. 4(m) specifically provides, "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed. R. Civ. P. 4(m) ("Time Limit for Service.").

_____

[7]Plaintiff attaches a May 28, 2010 affidavit signed by James C. McCann (Doc. Ent. 62-2) in support of plaintiff's claim that plaintiff's attorney "received authorization to continue in the prosecution of the case at bar through the personal representative of the Estate of Nicholas Reynolds, Attorney James McCann[.]" Doc. Ent. 62 at 9.

[8]As was noted above, the December 15, 2009 motion to dismiss defendant Randall was filed by defendant City of Detroit. Doc. Ent. 26.

Fed. R. Civ. P. 25 governs the substitution of parties. With respect to death, Rule 25 provides:

> (a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a) ("Death.").

**c.**     First, defendant Estate of Darryl Randall contends that "Plaintiff's counsel never filed a motion for substitution within the 90 day period required by Rule 25(a)(1)." Doc. Ent. 68 at 2 ¶ 7. For purposes of Rule 25(a)(1), the 90 day period begins when a statement noting the death has been served.

Therefore, as Judge Borman recognized on December 28, 2009, the Court must determine when plaintiff Nicholas Reynolds was served with a statement noting defendant Darryl Randall's death. *See* Doc. Ent. 30 ("The crucial issue in the present case is when the 90-day clock began ticking, if at all."). In that regard, Judge Borman also stated, "[b]ecause the 90-day clock did not start ticking until, at the earliest, December 1, 2009, the same day on which Plaintiff filed his Ex Parte Motion to Amend Case Caption [Doc. Ent. 24], the motion is timely

and must be granted." Doc. Ent. 30 at 5-6. Judge Borman also stated that "To date, no one has,

to the Court's knowledge, identified Defendant Randall's successor or representative. Therefore,

the 90-day clock governing substitution of Defendant Randall has not started ticking." Doc. Ent.

30 at 6.

Although plaintiff has provided the June 24, 2009 appointment of Gerrie Randall as the

personal representative of defendant Darryl Randall's estate (Doc. Ent. 32-2), it appears that

plaintiff's counsel was served with notification of Darryl Randall's death on December 15, 2009.

Doc. Ent. 26-3. As noted above, plaintiff filed a motion for substitution of defendant Darryl

Randall and a suggestion of death on January 5, 2010. Doc. Entries. 32 and 33. These were

served upon attorney Marion Jenkins. Doc. Entries 32 at 4, 33 at 2.

Unfortunately, defendant Estate of Darryl Randall's August 5, 2010 motion to dismiss

(Doc. Ent. 68) makes no mention of plaintiff's January 5, 2010 motion for substitution of a party

(Doc. Ent. 32). However, even though plaintiff has not filed a response to defendant Estate's

motion, plaintiff's June 3, 2010 amended response (Doc. Ent. 62) to defendant City of Detroit's

April 13, 2010 motion to dismiss the Estate of Darryl Randall (Doc. Ent. 54) argues that the

January 5, 2010 motion for substitution and suggestion of death (Doc. Entries 32 and 33) were

filed "well within the 90day requirement of FRCP 25." Doc. Ent. 62 at 3 ¶ 13.[9]

In the absence of an argument from defendant Estate of Darryl Randall as to why

plaintiff's January 5, 2010 motion for substitution (Doc. Ent. 32) was not filed within the 90 day

period required by Fed. R. Civ. P. 25(a)(1), the Court should not grant defendant Estate of Darryl

---

[9]This filing was followed by attorney Sklar's July 16, 2010 limited appearance (Doc. Ent. 65) and the August 5, 2010 motion to dismiss (Doc. Ent. 68).

Randall's August 5, 2010 motion on the basis that plaintiff "has never filed a motion for substitution as required by rule 25(a)(1). Doc. Ent. 68 at 3.

**d.**     Second, defendant Estate of Darryl Randall contends that "Plaintiff has never effectuated service upon Gerri Randall, as the Personal Representative of the Estate of Darryl Randall, let alone within the 120 day time period mandated by [Rule 4(m)]." Doc. Ent. 68 at 2-3 ¶ 9.

The record reflects plaintiff's attempts to serve defendant Darryl Randall. On February 26, 2009, plaintiff Nicholas Reynolds filed an ex-parte motion for substituted service. Doc. Ent. 8. Judge Borman entered an ex parte order for substituted service on February 27, 2009, wherein the Court set forth the methods by which defendant Randall could be served. Doc. Ent. 10.

Then, on March 25, 2009, a summons was issued for defendant Darryl Randall. Doc. Ent. 14. Defendant Darryl Randall filed an answer to the amended complaint on April 20, 2009, via attorney Marion R. Jenkins, Assistant Corporation Counsel. However, defense counsel reserved "the right to withdraw as defense counsel in the event the individual Defendant's representation request is not approved by the Detroit City Council[.]" Doc. Ent. 16.

As noted above, plaintiff has not filed a response to defendant Estate of Darryl Randall's August 5, 2010 motion to dismiss. However, plaintiff's June 3, 2010 amended response (Doc. Ent. 62) to the April 13, 2010 motion to dismiss (Doc. Ent. 54) argues that "service was made within the time limit required by FRCP 4(m)[,]" Doc. Ent. 62 ¶ 14. For example, plaintiff explains: "Plaintiff did have knowledge of the identity of the personal representative of the Estate of Darryl Randall, however, plaintiff did not have knowledge as to whether Defendant City of Detroit received authorization to represent the Estate as to the case at bar. Plaintiff served the City of Detroit, the motion for substitution." Doc. Ent. 62 ¶ 10. Furthermore,

plaintiff stated, "[a] copy of the motion for substitution of parties and suggestion of death was served on the Personal representative of the Estate of Darryl Randall[,]" Doc. Ent. 62 ¶ 11, "the personal representative of the Estate of Darryl Randall has received notice of the substitution but has failed to respond[,]" Doc. Ent. 62 ¶ 12, and "the motion for substitution of parties and the suggestion of death were both filed on January 5, 2010 [Doc. Entries 32 and 33], well within the 90 day requirement of FRCP 25[,]" Doc. Ent. 62 ¶ 13.

Furthermore, plaintiff's brief in support of the amended response contends that plaintiff "properly served the Estate of Darryl Randall within the time limits required by [Rules 4(m) and 5]." In support of this argument, plaintiff states that on April 30, 2010, after this Court ruled that "service to Defendant City of Detroit was not sufficient to satisfy Service to the Estate of Darryl Randall for lack of an Attorney-Client relationship,"[10] plaintiff "mailed the personal representative of the Estate of Darryl Randall . . . notice of the motion for substitution of parties along with the order." Doc. Ent. 62 at 8. Furthermore, plaintiff "contends that the 120 day tolling period has not started because no hearing was ever scheduled for the [January 5, 2010] motion for substitution of parties [Doc. Ent. 32] thus making it impossible for proper service to the Estate of Darryl Randall." Then, plaintiff claims, "[e]ven if the 120 day period began at the time the [January 7, 2010] order for substitution [Doc. Ent. 34] was entered it is the position of the Plaintiff that the April 30, 2010 mailing would be proper under [Fed. R. Civ. P. 5]." Doc. Ent. 62 at 9.

---

[10]Perhaps plaintiff is referring to Judge Scheer's April 22, 2010 hearing, the minute entry for which notes that default was denied.

14

It appears that on April 30, 2010, plaintiff's counsel served Gerrie Randall with several items, including copies of the Notice of Substitution of Parties, Suggestion of Death, Motion for Substitution of Parties and the Complaint. Doc. Ent. 62-1.[11] Therefore, the Court should deny defendant Estate of Darryl Randall's August 5, 2010 motion to dismiss to the extent it argues that "Plaintiff has never effectuated service upon Gerri[e] Randall, as the Personal Representative of the Estate of Darryl Randall, let alone within the 120 day time period mandated by [Rule 4(m)]." Doc. Ent. 68 ¶ 9.

**3.     Furthermore, the Court should deny defendant City of Detroit's August 6, 2010 Motion to Dismiss (Doc. Ent. 69).**

The only paragraphs in plaintiff's December 9, 2008 amended complaint which specifically mention defendant City of Detroit are plaintiff's general assertion that "[a]t all material times, [d]efendant City of Detroit employed Defendant Officer Darryl Randall and is liable for his acts. The city is also liable because of its policies, practices, and customs, which lead to this complaint of violation[,]" and the allegation within his constitutional cause of action that "[d]efendant City of Detroit Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Nicholas Reynolds, by allowing an Officer with [a] known criminal history of violence and several

---

[11]Attached to the response is an unsigned certificate of mailing to Gerrie Randall which states that "CHARLES LONGSTREET II certifies that on April 30, 2010, he served the Notice of Substitution of Parties along with a copy of a Suggestion of Death, Motion for Substitution of Parties, a copy of the Complaint, Notice of Hearing, and this Certificate of Mailing[.]" Doc. Ent. 62-1. In his June 3, 2010 amended response, plaintiff concedes that "proof of service was not properly filed with the [C]ourt." Doc. Ent. 62 at 8.

complaints of mistreatment of prisoners, to continue to work as a police officer."  Doc. Ent. 5 ¶¶ 6, 24.

Plaintiff has raised the issue of discovery in this case.  For example, plaintiff filed a March 16, 2009 motion to compel discovery (Doc. Ent. 11),[12] and this was followed by a May 19, 2009 stipulation to provide discovery (Doc. Ent. 19).  As noted above, plaintiff's October 26, 2009 motion for default judgment alleged that defendants had failed to promptly produce all outstanding discovery.  Doc. Ent. 21.  Plaintiff also filed a February 4, 2010 motion for default judgment, wherein plaintiff Nicholas Reynolds asserted, "Defendants Counsel has in bad faith . . . willfully withheld discovery knowing that the requested discovery is essential to the Plaintiff[']s case.  Plaintiff cannot proceed without it."  Doc. Ent. 37 at 2 ¶ 10.  Furthermore, the February 23, 2010 list of unresolved issues with respect to that motion asserts that the listed items "are critical to the prosecution of plaintiff's case and [he] is entitled to receive such items pursuant to Federal rule of Civil Procedure 26(b)[.]"  Doc. Ent. 44 at 2.[13]  Also, plaintiff's

[12]The proposed order attached to this motion sought (1) "[a]ll video tapes and/or CD's of any area of the 11th precinct/ Northeastern District were Nicholas Reynolds was present[;]" (2) "[t]he names and badge numbers of the arresting and booking officers[;]" (3) "[a]ny photographs taken of Nicholas Reynolds either by the Detroit Police Department[;]" (4) "[t]he names and badge numbers of all officers on duty at the 11th precinct for the entire days of January 27, 2008 and January 28, 2008[;]" (5) "[t]he name of the turn-key on duty at the time of Nicholas Reynolds arrest[;]" and (6) "[a] copy of all written reports and statements in relation to the arrest and detainment of Nicholas Reynolds."  Doc. Ent. 11 at 4-5.

[13]Defendant City of Detroit's February 23, 2010 statement of resolved/unresolved issues listed several unresolved issues: (1) "Whether Defendant, City of Detroit, a municipal corporation is immune from liability[;]" (2) "Whether there is a party known as Estate of Detroit Police Officer Darryl Randall[;]" (3) "Whether an estate can be established by the Court or whether the "estate" designation in the caption only reflects the fact that Officer Randall is now deceased[;]" and (4) "[w]hether Plaintiff can present any evidence regarding the allegation made in this case where any witness to the incident is now deceased."  Doc. Ent. 42.

In Defendant City of Detroit's February 23, 2010 response (Doc. Ent. 43) to plaintiff's February 4, 2010 motion (Doc. Ent. 37), defendant City of Detroit alleges that "Defendant has

February 24, 2010 filing represents that "[p]laintiff's attorney has not been provided the requested discovery[,]" and "[t]he court should be aware that Plaintiff['']s counsel has not received discovery from [d]efendants counsel even after [d]efendants [c]ounsel stipulated to providing discovery on May 18, 2009 [Doc. Ent. 19]." Doc. Ent. 45 ¶¶ 1, 5. I also note Magistrate Judge Scheer's April 23, 2010 order, wherein he described the materials defendant City of Detroit had to produce to plaintiff. Doc. Ent. 57 at 1.[14] Then, plaintiff represents in his May 23, 2010 response (Doc. Ent. 58) to the April 13, 2010 motion to dismiss (Doc. Ent. 54) that "[t]he court should note that Defendant's counsel has not provided discovery as order to do so on April 22, 2010." Doc. Ent. 58 at 3 ¶ 15. Plaintiff repeats this assertion in his June 3, 2010 amended response. Doc. Ent. 62 at 3 ¶ 15.

Unfortunately, defendant City of Detroit's August 6, 2010 motion to dismiss does not address plaintiff's discovery efforts. Therein, defendant City of Detroit asserts that it "is governmentally immune from liability and Plaintiff has done nothing to perfect a claim against [the City of Detroit[,]" and "Plaintiff has failed to state a claim upon which relief can be granted." Doc. Ent. 69 at 2 ¶¶ 3, 4. It is defendant City of Detroit's position that plaintiff has not pleaded "in avoidance of governmental immunity[.]" The City explains that it "is a municipal

---

responded to any discovery requests that it did receive[,]" and "Plaintiff has been provided with the requested discovery material." Doc. Ent. 43 ¶¶ 1, 5, 6 and 8.

[14]Also, Judge Scheer's April 23, 2010 order required that "[o]n or before May 14, 2010, Defendant City of Detroit shall reproduce and serve upon counsel for Plaintiff a complete duplicate copy of all discovery responses previously made, including all documents and tangible things contained therein[,]" and "on or before May 14, 2010, Defendant City of Detroit shall make available to counsel for Plaintiff the original DVD discs referenced in the Motion and arguments of counsel. Defendant shall provide sufficient technical support and equipment to permit Plaintiff's counsel to view the recording in full, and shall further provide counsel for Plaintiff with a complete copy of the recording." Doc. Ent. 57.

corporation, its police department is [a] governmental agency and operation of the police department is a governmental function." The City contends that its immunity is absolute. Doc. Ent. 69 at 4. Finally, the City incorporates by reference its co-defendant's August 5, 2010 motion to dismiss (Doc. Ent. 68). Doc. Ent. 69 at 5.

However, other than stating that "[d]iscovery closed February 28, 2010 [Doc. Ent. 31], but due to unusual events of which the Court is well aware, various motions, proceedings and court hearings were allowed long after discovery closed[,]" Doc. Ent. 69 at 4, defendant City of Detroit does not respond to plaintiff's assertions about discovery. Therefore even though defendant City of Detroit alleged on February 23, 2010 that it "ha[d] responded to any discovery requests that it did receive[,]" and "Plaintiff ha[d] been provided with the requested discovery material[,]" Doc. Ent. 43 ¶¶ 1, 5, 6 and 8, it is not clear whether defendant City of Detroit complied with Magistrate Judge Scheer's April 23, 2010 order (Doc. Ent. 57).

The Sixth Circuit has acknowledged the difficulty of knowing whether a policy or custom exists at the time a complaint is filed and before discovery has taken place. *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007). This Court has previously ordered discovery. Although any argument that the allegedly unproduced discovery was necessary to resist the City's motion was plaintiff's to make in response to this motion, it is also true that any suspicion about the type of policy or custom, if any, which resulted in the actions at issue here may be examined during discovery.

Moreover, defendant City of Detroit's August 6, 2010 motion to dismiss should be denied on its merits. First, defendant City of Detroit's allegation that "Plaintiff continued to do nothing to **perfect his case** against this Defendant," Doc. Ent. 69 at 4 (emphasis added), is one

more appropriately made in a motion for summary judgment. Second, defendant City of Detroit's arguments about governmental immunity - in support of which it cites *Mack v. Detroit*, 467 Mich. 186, 649 N.W.2d 47 (2002),[15] Mich. Comp. Laws §§ 691.1401, Mich. Comp. Laws § 691.1407 ("Governmental immunity from tort liability"), and *Watkins v. City of Highland Park*, 232 F.Supp.2d 744 (E.D. Mich. 2002) (Rosen, J.),[16] Doc. Ent. 69 at 4 - are applicable to plaintiff's tort claim of assault and battery (Doc. Ent. 5 ¶¶ 26-28) and not his Fourth and Fourteenth Amendment (42 U.S.C. § 1983) claim (Doc. Ent. 5 ¶¶ 1, 17-25). This is significant, because it does not appear that the assault and battery claim has been brought against defendant City of Detroit.

Therefore, because discovery is outstanding, and because defendant City of Detroit's August 6, 2010 motion to dismiss does not effectively argue that plaintiff has failed to state a claim upon which relief may be granted - in other words, defendant City of Detroit has not successfully argued that plaintiff's December 9, 2008 amended complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted as to defendant City of Detroit - the Court should deny without prejudice defendant City of Detroit's August 6, 2010 motion to dismiss. Doc. Ent. 69.

## III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

---

[15]"Governmental immunity is a characteristic of government and thus a plaintiff must plead her case in avoidance of immunity." *Mack*, 467 Mich. at 189, 649 N.W.2d at 49.

[16]"Michigan law broadly shields governmental agencies and municipalities from tort liability in their exercise of governmental functions unless one of the narrowly drawn statutory exceptions applies, *see* Mich. Comp. Laws § 691.1407(1); *Haliw v. City of Sterling Heights*, 464 Mich. 297, 302-03, 627 N.W.2d 581, 584 (2001), and it is clear that the operation of a police department is a governmental function to which no such statutory exception applies, *see Williams v. Payne*, 73 F.Supp.2d 785, 794 (E.D.Mich.1999). Thus, the Defendant City also is entitled to summary judgment in its favor on Plaintiff's state-law tort claims." *Watkins*, 232 F.Supp.2d at 761 n.14.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/22/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on November 22, 2010.

s/Eddrey Butts
Case Manager